OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



March 21, 2000

The Honorable Jill Cornelius
Matagorda County Attorney
1700 Seventh Street, Room 305
Bay City, Texas 77414-5034

Opinion No. JC-0202

Re: Whether the Port of Bay City Authority of Matagorda County is authorized to accept the conveyance of certain easements from the United States Army Corps of Engineers for the purpose of conveying them to the private property owners whose fee interests are encumbered by the easements (RQ-0143-JC)

Dear Ms. Cornelius:

On behalf of the Port of Bay City Authority of Matagorda County (the "Port Authority"), you ask whether the Port Authority is authorized to accept the conveyance of certain easements from the United States Army Corps of Engineers (the "Corps") and whether the Port Authority may in turn convey the easements to the private property owners whose fee interests are encumbered by the easements. You also ask about the procedures and requirements applicable to the conveyance of interests in real property by the Port Authority. We conclude that the Port Authority, a special purpose district whose powers are limited to those expressly delegated to it by statute or clearly implied from its express powers, is not authorized to accept the conveyance of easements from the Corps for the purpose of conveying them to the private property owners whose fee interests are encumbered by the easements. Because we conclude that the Port Authority is not authorized to acquire the easements for this purpose, we do not address your questions about whether and how the Port Authority may convey the easements to the property owners.

You relay the following facts: In the 1960's, Matagorda County acquired and transferred to the Corps four right-of-way easements that allowed the Corps to construct, maintain, or improve the Colorado River channel of the Gulf Intercoastal Waterway. The easements give the Corps the right to enter upon, dig or cut away and remove all or a portion of the east bank of the Colorado River for the purpose of deepening and widening the river channel for navigation. The fee interest in the affected real estate has since been subdivided. There are now as many as 180 private property owners whose fee interests are encumbered by the easements. The property owners have asked the Corps to release and/or convey the easements. The Corps would like to convey the easements to the Port Authority for disposition. *See* Letter from Honorable Jill Cornelius, Matagorda County Attorney, to Honorable John Cornyn, Texas Attorney General, at 1-2 (Nov. 3, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"].

You ask a number of questions, the first of which is whether "the Port Authority [has] the authority to accept the conveyance from the Corps." *Id.* at 2. We conclude that the Port Authority is not authorized to accept conveyance of the easements from the Corps for the purpose of returning them to the property owners.

You inform us that the Port Authority is a navigation district created under article XVI, section 59 of the Texas Constitution that operates as a self-liquidating district under chapter 63 of the Water Code. *See id.* at 1.[1] As a special purpose district, the Port Authority may exercise only those powers that are expressly delegated to it by statute or that are clearly implied from its express powers. *See Tri-City Fresh Water Supply Dist. No. 2 v. Mann,* 142 S.W.2d 945, 946 (Tex. 1940). Implied powers are those that are "indispensable to the . . . accomplishment of the purposes" for which the political subdivision was created; powers "merely convenient" or "useful" cannot be implied and may not be assumed by the political subdivision. *Id.* at 947.

Under chapter 63, the purpose of a self-liquidating navigation district is to make improvements for:

> (1) the navigation of inland and coastal water;
>
> (2) the preservation and conservation of inland and coastal water for navigation;
>
> (3) the control and distribution of storm water and floodwater of rivers and streams in aid of navigation; or
>
> (4) any purpose stated in Article XVI, Section 59, of the Texas Constitution, necessary or incidental to the navigation of inland and coastal water.

TEX. WATER CODE ANN. § 63.152 (Vernon 1988). Under section 63.153 of the Water Code, which provides for certain express powers, a district may "exercise all the rights, powers, and authority granted by this chapter and by the general and special laws relating to navigation districts" and, more specifically, may acquire land "incident to or necessary in the proper operation and development of ports and waterways in the district." *Id.* § 63.153(1), (3). In addition, section 63.155 provides that the district's governing body, the commission, "may acquire by gift, purchase, or condemnation

---

[1]The Port Authority, renamed "Port of Bay City Authority of Matagorda County, Texas" by the legislature in 1973, *see* Act of Mar. 15, 1973, 63d Leg., R.S., ch. 17, § 1, 1973 Tex. Gen. Laws 20, was originally created by an order of the Commissioners Court of Matagorda County as "Matagorda County Navigation District No. 2," *see* Act of May 17, 1967, 60th Leg., R.S., ch. 405, § 1, 1967 Tex. Gen. Laws 927. According to 1967 legislation, the Port Authority was created under the statutory predecessor to chapter 62 of the Water Code and took the requisite steps to convert to a self-liquidating district pursuant to the statutory predecessor to chapter 63. *See id.*

proceedings the necessary right-of-way and property of any kind necessary for improvements contemplated by this chapter." *Id.* § 63.155.

The Port Authority is not expressly authorized to accept the conveyance of an interest in land for the purpose of returning it to a private property owner nor may this authority be implied. Again, the express provisions of chapter 63 authorize the Port Authority to acquire "property of any kind necessary for improvements contemplated by this chapter," *id.* § 63.155, or land "incident to or necessary in the proper operation and development of ports and waterways in the district," *id.* § 63.153(3). Your letter does not indicate that acquisition of these easements is necessary for improvements contemplated by chapter 63 or incident to or necessary in the proper operation and development of ports and waterways.

Furthermore, we see no basis for concluding that this authority may be implied. The purpose of a navigation district is to make improvements for the navigation of inland and coastal water; the preservation and conservation of inland and coastal water for navigation; the control and distribution of storm water and floodwater of rivers and streams in aid of navigation; and any purpose necessary or incidental to the navigation of inland and coastal water as provided in article XVI, section 59. *See id.* § 63.152. Acquisition of these easements does not appear to be indispensable to the accomplishment of the purposes for which the Port Authority was created. *See Tri-City Fresh Water Supply Dist.*, 142 S.W.2d at 947. Accordingly, we conclude that the authority to accept conveyance of the easements may not be implied.

Finally, we note that you suggest that questions of fact may hinder this office from ultimately resolving whether the Port Authority is authorized to accept conveyance of the easements. *See* Request Letter at 3 ("Whether the property, i.e. the easements, are being acquired for improvements contemplated by the district is a fact question which is not resolved in the attorney general [opinion] process. The Port Authority can make the determination of whether the property is being acquired for improvements contemplated by [the Water Code]."). As you have not indicated that the Port Authority would accept the conveyance of the easements for any purpose other than to act as a conduit between the Corps and the property owners, we do not see any fact question hindering resolution of this issue.

In conclusion, the Port Authority, a special purpose district with limited powers, is not authorized to accept the conveyance of easements from the Corps for the purpose of returning them to private property owners. Given our answer to this threshold issue, we do not address your remaining questions.

## S U M M A R Y

The Port of Bay City Authority of Matagorda County, a special purpose district whose powers are limited to those expressly delegated to it by statute or clearly implied from its express powers, is not authorized to accept the conveyance of easements from the United States Army Corps of Engineers for the purpose of conveying them to the private property owners whose fee interests are encumbered by the easements.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General - Opinion Committee